# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRISTEN T. KOSIDOWSKI, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-24-1294-J |
| SCOTT LOVE, | ) |
| Respondent. | ) |

## ORDER

Petitioner, a pretrial detainee appearing pro se, filed a habeas petition [Doc. No. 1] and a motion for leave to proceed in forma pauperis [Doc. No. 2]. He then filed an amended habeas petition [Doc. No. 6] and a second motion for leave to proceed in forma pauperis [Doc. No. 7]. The matter was referred for initial proceedings to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Erwin examined the latter motion for leave to proceed in forma pauperis and issued a Report and Recommendation recommending that the motion be denied and that Petitioner be ordered to pay the $5.00 filing fee. [Doc. No. 8]. Petitioner sent a letter explaining his lack of funds [Doc. No. 9] which the Court construes as Petitioner's objection, thus triggering de novo review.

According to the documents Petitioner supplied with his motion, he had a -$132.93 balance on his inmate account on December 26, 2024. [Doc. No. 7 at 3]. However, Petitioner had also received $1,050.00 from a friend. *See id.* at 2. Based on that, Judge Erwin concluded that Petitioner could pay the $5.00 filing fee. [Doc. No. 8 at 2 & n. 3]. In his objection, Petitioner states that he has not received any funds since September 2024 and continues to have a negative

balance.[1]  [Doc. No. 9].  But as Judge Erwin noted, "when a prisoner has sufficient income to pay a . . . filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required . . . payments."  [Doc. No. 8 at 1, n. 3] (citing *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003)); *see also Baker v. Suthers*, 9 F. App'x 947, 950 (10th Cir. 2001) (upholding dismissal for failure to make a filing fee payment where plaintiff had spent the required funds at the prison commissary).

Here, Petitioner entered the Stephens County Detention Center on May 31, 2024 believing that his bail is excessive and the evidence against him was obtained unlawfully.  *See* [Doc. No. 6 at 3], [Doc. No. 7, Ex. 1 at 8].  Rather than immediately proceed to court, Petitioner waited until October 2024 to challenge his detention in state court [Doc. No. 6 at 3], and until December 2024 to proceed in this Court.  [Doc. No. 1].  During that time, Petitioner spent approximately $681.33 at the commissary alone.  [Doc. No. 7, Ex. 1 at 1-8].  Under such circumstances, the Court agrees on de novo review with Judge Erwin's recommendation.

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 8], DENIES Petitioner's motion for leave to proceed in forma pauperis [Doc. No. 7], and ORDERS Petitioner to pay the $5.00 filing fee no later than March 3, 2025.  If payment is not received, this action will be dismissed without prejudice.  Petitioner's initial motion for leave to proceed in forma pauperis [Doc. No. 2] is DENIED as moot.

---

[1] Petitioner contends that his account balance is now -$250.00.  [Doc. No. 9].  However, the Court must look at financial statements "for the 6-month period immediately *preceding* the filing of the" petition or complaint.  28 U.S.C. § 1915(a)(2) (emphasis added).

IT IS SO ORDERED this 11th day of February, 2025.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE